UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHELLE RHYNARD,

        Plaintiff,

                                      Case Number 12-10219

v.                                      Honorable Thomas L. Ludington

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____ /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND CANCELING HEARING**

On January 18, 2012, Defendant State Farm Insurance removed Plaintiff Michelle M. Rhynard's complaint from Alpena County Circuit Court alleging this Court has original jurisdiction over the underlying state law claims based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, 1446. Plaintiff's complaint alleges that Defendant has refused to pay benefits in accordance with Michigan's No-Fault Insurance Act for which Plaintiff paid the applicable premiums. More specifically, Plaintiff contends that under the terms and conditions of her automobile insurance policy, Defendant is obligated to pay certain expenses or losses, including Personal Injury Protection ("PIP") Benefits, for injuries Plaintiff sustained as an occupant of a motor vehicle that was involved in a collision in Alpena County on November 2, 2006. Plaintiff seeks expenses for care, recovery, and rehabilitation, lost wages, and reasonable and necessary replacement services.

Now before the Court is Plaintiff's motion to remand, contending that the amount in controversy does not exceeded $75,000 in order to satisfy diversity jurisdiction. Diversity of citizenship is not disputed. Plaintiff contends that she is only seeking $15,648.67 plus attorney fees and, as a result, the Court lacks subject matter jurisdiction over her claims. For the reasons provided

herein, Plaintiff's motion to remand will be denied.

## I. Standard of Review

Once a defendant removes a case from state to federal court, the plaintiff may challenge the removal, prompting the removing defendant to establish that the case is proper for removal as follows:

> [A] civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a).

*Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000). The determination of federal jurisdiction in a diversity case is made as of the time of removal. *Rogers*, 230 F.3d at 871. Once jurisdiction vests, subsequent events that reduce the amount in controversy to an amount less than $75,000 will not ordinarily divest the Court of jurisdiction. *See Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997). The removing party carries the burden of showing that removal is proper. *See Pullman v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. *See* 28 U.S.C. § 1447(c); *see also Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977).

## II. Discussion

Plaintiff contends that the benefits she believes she is owed as of March 30, 2012 total $8,840 in attendant care (eight hours per week at $15 per hour for supervising hygiene/dressing, distribute medications, calls and texts to Plaintiff during day, discussing daily notes and events, and a massage) and medical expenses of $6,808.67, totaling $15,648.67 plus applicable attorney fees.

Plaintiff submits that the amount of damages sought exceed the $25,000 state circuit court threshold, but do not exceed the federal diversity jurisdiction threshold of $75,000. However, Plaintiff does not explain how the damages sought exceed the state circuit court jurisdiction threshold.

Where a plaintiff seeks to recover an unspecified amount that is not in and of itself greater than the amount-in-controversy requirement, the defendant may still satisfy the amount-in-controversy requirement by showing that the plaintiff's claim "more likely than not" meets the threshold. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Defendant emphasizes that Plaintiff's contention that less than $16,000 is in dispute, if accepted as true, strongly suggests an intent to forum shop because her complaint was inappropriately filed in the state circuit court. Second, Plaintiff's complaint indicates that she is seeking medical, attendant care, and

possibly other No-Fault benefits into the future.

> Under Michigan's No-Fault Act, benefits available to an injured person can include:
>
> 1. All reasonable and necessary medical and rehabilitative expense - past, present, and future - including hospital and professional fees, home nursing care, occupational and vocational rehabilitation, and accommodations for or modifications to a home or vehicle for a handicapped person. Mich. Comp. Laws § 500.3107(1)(a);
>
> 2. Wage loss for actual loss of earnings (but not loss of earning capacity), up to the statutory maximum, for a period of three years. Mich. Comp. Laws § 500.3107(1)(b) & 3107(2);
>
> 3. Replacement services, up to the statutory maximum of $20 per day, for a period of three years - including expenses that an injured person incurs because he or she can no longer provide services (such as babysitting for minor children, housekeeping, transportation, and yard work) to himself or herself or his or her dependents. Mich. Comp. Laws § 500.3107(1)(c).

"Michigan is the only jurisdiction in the nation with a no-fault automobile insurance system with mandatory unlimited lifetime medical benefits." *Univ. of Mich. Regents v. Titan Ins. Co.*, 488 Mich.

893, 898(2010) (Young, J., dissenting.) Under the No-Fault Act, insurers are required to payor reimburse their insured's lifetime medical expenses. *Farmers Ins. Exch. v. Titan Ins. Co.*, 251 Mich. App. 454, 459 (2002). Furthermore, "[t]here is no dollar limit on an insurer's liability for medical, hospital, and rehabilitation benefits under the statute[.]" *League Gen. Ins. Co. v. Mich. Catastrophic Claims Ass'n*, 435 Mich. 338, 340 (1990). The lack of a dollar limit on insurers' liability for personal injury protection benefits potentially exposes insurers to enormous liability. *Id.*

Next, Defendant argues that Plaintiff's attempt to limit her claim to $16,000.00 must be disregarded for the purposes of determining diversity jurisdiction. This is because, as noted above, "[i]n gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Everett*, 460 F.3d at 822; *see also Rhynard v. State Farm Ins.*, 2009 U.S. Dist. LEXIS 47062, at *4-7 (E.D. Mich. 2009). In *Rhynard*, this Court considered, and rejected, this Plaintiff's request to remand her previous claim for No-Fault PIP benefits because the complaint alleged multiple severe, physical injuries, forecasting the necessity for continuing treatment which supported Defendant's assertion that the jurisdictional amount was more likely than not satisfied. Plaintiff had provided an affidavit that stipulates her damages would not meet the jurisdictional threshold but the Court concluded that a stipulation offered after removal that develops facts not alleged in the complaint is ineffective "[b]ecause jurisdiction is determined as of the time of removal." *Rogers*, 230 F.3d at 872. Under the "more likely than not" standard, Defendant contends that the amount in controversy requirement is satisfied where, as here, the complaint requests unspecified, open-ended No-Fault PIP benefits.

Defendant contends that the propriety of its removal is further supported by the Seventh Circuit's reasoning in *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827 (7th Cir.

2011). *Back Doctors* involved a different jurisdictional amount-in-controversy requirement applicable to class actions under 28 U.S.C. §§ 1332(d) and 1453. However, the Seventh Circuit's analysis is instructive here and applies with equal force to § 1332(a). In *Back Doctors*, the defendant removed a class action lawsuit where the plaintiffs' complaint alleged that there was $2.9 million in controversy (the applicable amount in controversy is $5 million). The district court remanded the case, finding that the defendant insurer had not established a "reasonable probability" that the amount in controversy exceeded $5 million. The Seventh Circuit reversed, and clarified the applicable legal standard as follows:

> The legal standard was established by the Supreme Court in *St. Paul Mercury*[]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court. Only jurisdictional facts, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence.
>
> There is no presumption against federal jurisdiction in general, or removal in particular. The Class Action Fairness Act must be implemented according to its terms, rather than in a manner that disfavors removal of large-stakes, multi-state class actions. When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiffs' estimate. Once this has been done, and supported by proof of any contested jurisdictional facts, the presumption is the one stated in St. Paul Mercury: the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible. So the question here is not whether the class is more likely than not to recover punitive damages, but whether Illinois law disallows such a recovery.

*Back Doctors*, 637 F.3d at 830 (internal citations omitted). The court concluded that when a plaintiff does not "tie its own hands," the defendant is entitled to present a good-faith estimate of the stakes. *Id.* at 831. If that estimate exceeds the jurisdictional minimum, "it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible." *Id.* Here, although Plaintiff now claims that the amount in controversy is less than $16,000.00, the

aforementioned authorities confirm that an award exceeding $75,000.00 is not only legally possible, but is envisioned by Michigan's No-Fault Act which Plaintiff invokes in her Complaint. *See Farmers Ins. Exch.*, 251 Mich. at 459; *League Gen. Ins. Co.*, 435 Mich. at 340. As these cases explain, Defendant is potentially responsible for unlimited lifetime medical benefits, as well as other benefits under the Act. Indeed, Defendant contends that the fact that this is Plaintiff's second lawsuit for No-Fault benefits based upon the same accident is strongly indicative of her intent to pursue a wide range of personal injury protection benefits, including future medical benefits. ECF No. 1-2, par. 8. The estimate of the dispute's stakes advanced by Defendant—the proponent of federal jurisdiction—therefore controls, as a recovery in excess of $75,000.00 is not "legally impossible."

As noted previously, Plaintiff's complaint seeks expenses for care, recovery, and rehabilitation, lost wages, reasonable and necessary replacement services, and other PIP benefits in accordance with Michigan's No-Fault Insurance Law. Plaintiff's motion for remand, however, only addresses the expenses incurred for attendant care and medical expenses with no discussion of the lost wages or replacement services that Plaintiff has incurred since November 2010, when her last claim against Defendant was settled. Taking into account all the damages Plaintiff alleges, it is more likely than not that the amount-in-controversy requirement for diversity jurisdiction is satisfied. Moreover, Defendant noted in response to the Court's order to show cause that Plaintiff advised Defendant that she is seeking 24-hour per day attendant care in the instant case, the cost of which alone exceeds the diversity jurisdiction threshold. Plaintiff's motion for remand does not dispute this contention. Thus, Plaintiff's post-removal attempt to limit the damages she seeks is ineffective because jurisdiction is determined at the time of removal. *Rogers*, 230 F.3d at 872.

### III.     Conclusion

Accordingly, it is **ORDERED** that Plaintiff's motion to remand (ECF No. 17) is **DENIED**.

It is further **ORDERED** that the hearing scheduled for May 29, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motions. E.D. Mich. L.R. 7.1(f)(2).

                                                      s/Thomas L. Ludington  
                                                     THOMAS L. LUDINGTON  
                                                     United States District Judge

Dated: May 17, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 17, 2012.

                                        s/Tracy A. Jacobs  
                                        TRACY A. JACOBS